UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to:
*Grace Salinardi et al v. Islamic Republic of Iran*, No. 1:25-cv-05971 (GBD)(SN)

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER AUTHORIZING SERVICE UPON DEFENDANT ISLAMIC REPUBLIC OF IRAN IN ACCORDANCE WITH 28 U.S.C. § 1608(a)(4)

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
Amy Weiss, Esq.
7 Times Square, 15th Floor
New York, NY 10036
Tel: (212) 278-1000
Fax: (212) 278-1733
Email: jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com
aweiss@andersonkill.com

*Attorneys for Plaintiffs*

Dated: New York, New York
August 14, 2025

docs-100734304.9

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1
II. ARGUMENT ....................................................................................................................... 3
    A. Service of Iran Under 28 U.S.C. § 1608(a) ............................................................. 3
    B. Service Under Subsections (a)(1) and (a)(2) Is Impossible .................................... 4
    C. Service by Mail Under Subsection (a)(3) Is Unavailable ....................................... 5
    D. Service Through Diplomatic Channels Under Subsection (a)(4) Is the Only Viable Option for Plaintiffs in the Circumstances ........................................ 6
III. CONCLUSION .................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amirentezam v. Islamic Republic of Iran*,
  No. 119CV02066EGSGMH, 2023 WL 5724121 (D.D.C. Sept. 5, 2023) ................................. 5

*Aykes v. Islamic Republic of Iran*,
  No. 18-CV-265 (RCL), 2020 WL 7260445 (D.D.C. Feb. 3, 2020) ..................................... 7, 8

*Ben-Rafael v. Islamic Republic of Iran*,
  540 F. Supp. 2d 39 (D.D.C. 2008) ................................................................................. 6, 8

*Chickpen, S.A. v. Bolivarian Republic of Venezuela*,
  No. 21 CIV. 597 (AT), 2022 WL 1684275 (S.D.N.Y. May 26, 2022) ................................ 4, 6

*Driscoll v. Islamic Republic of Iran*,
  No. 20-CV-622-EGS-ZMF, 2023 WL 4892710 (D.D.C. June 27, 2023),
  *Report and recommendation adopted sub nom. All Plaintiffs Represented by
  Driscoll v. Islamic Republic of Iran*, No. CV 20-622, 2023 WL 5932974
  (D.D.C. July 13, 2023) ........................................................................................................ 7

*Est. of Parhamovich v. Syrian Arab Republic*,
  No. 17-CV-61 (GMH), 2022 WL 18071921 (D.D.C. Dec. 28, 2022) ................................ 7, 8

*Finamar Inv'rs v. Republic of Tadjikistan*,
  889 F. Supp. 114 (S.D.N.Y. 1995) ...................................................................................... 3

*Force v. Islamic Republic of Iran*,
  464 F. Supp. 3d 323 (D.D.C. 2020) .................................................................................... 6

*Hilaturas Miel, S.L. v. Republic of Iraq*,
  573 F. Supp. 2d 781 (S.D.N.Y. 2008) ................................................................................. 6

*In re Terrorist Attacks on Sept. 11, 2001*,
  No. 03-MD-01570 (GBD)(SN), 2024 WL 4268663 (S.D.N.Y. Jan. 5, 2024) ......................... 4

*In re Terrorist Attacks on Sept. 11, 2001*,
  No. 03MD01570GBDSN, 2023 WL 2529061 (S.D.N.Y. Mar. 3, 2023) ................................ 4

*Valore v. Islamic Republic of Iran*,
  700 F. Supp. 2d 52 (D.D.C. 2010) ................................................................................... 6, 8

**Statutes**

28 U.S.C. § 1608(a) ................................................................................................... *passim*

I.  **INTRODUCTION**

Plaintiffs in the above-captioned action, by and through their counsel, Anderson Kill P.C., respectfully submit this Memorandum of Law in support of their Motion For An Order Authorizing Service Upon Defendant Islamic Republic Of Iran ("Iran") In Accordance With 28 U.S.C. § 1608(a)(4) of the Foreign Sovereign Immunities Act (the "FSIA"), because service on Iran by mail under § 1608(a)(3) is not available.

This action arises out of the events of September 11, 2001, during which members of the al Qaeda terrorist network hijacked four commercial airliners and used those planes as weapons in coordinated terrorist attacks on the United States (the "September 11th Attacks"). Plaintiffs in the above-captioned case are personal representatives and family members of individuals killed in the September 11th Attacks.

This Court will not have personal jurisdiction over Iran until the sovereign entity is served in accordance with § 1608 of the FSIA, which includes §§ 1608 (a)(1) through (a)(4). This Motion seeks authorization to proceed with service through diplomatic channels under § 1608 (a)(4) because service under §§ 1608(a)(1) through (a)(3) are inapplicable or unavailable, and any delay in effecting service could substantially prejudice Plaintiffs' ability to meet future U.S. Victims of State Sponsored Terrorism ("VSST") Fund application deadlines.

**First**, there is no question that §§ 1608 (a)(1) and (a)(2) are not available to Plaintiffs, as Plaintiffs neither have a "special arrangement" with Iran regarding service, nor is Iran party to an applicable international convention governing service in this case.

**Second**, recent attempts to serve Iran by mail in this action demonstrate that service on Iran under § 1608(a)(3) is impossible at this time.

Specifically, this Court's Clerk's Office has promulgated foreign mailing instructions ("Foreign Mailing Instructions") that includes instructions for serving Iran by mail in accordance

docs-100734304.9

with § 1608(a)(3). Declaration of Jerry S. Goldman, dated August 13, 2025 ("Goldman Decl."), ¶ 6; *see also id.*, Exhibit A, at 10–11. The Foreign Mailing Instructions only authorize mail service against Iran by DHL, FedEx, or the United States Postal Service ("USPS"). *See* Goldman Decl., Exhibit A, at 10–11. Anderson Kill has attempted service by mail (either via DHL or USPS) against Iran in accordance with § 1608(a)(3) through the methods provided in the Foreign Mailing Instructions in each of its 31 previous cases against Iran. *Id.*, ¶ 8. Specifically, prior to January 2019, Anderson Kill used DHL to serve Iran by mail in accordance with the Foreign Mailing Instructions. *Id.*, ¶ 9. Starting in 2019, Anderson Kill was informed that DHL and had ceased delivering mail to Iran. *Id.*, ¶ 10.[1] At that time, Anderson Kill switched to attempting service by mail against Iran using USPS. *Id.*, ¶ 10. Each time Anderson Kill has attempted to serve Iran by mail in each of its 31 previous cases against Iran, either by DHL or USPS, Iran has either refused service, or mailing has otherwise been unsuccessful within 30 days of mailing. *Id.*, ¶ 11.

In the instant case, after preparing a service package in accordance with § 1608(a)(3) and bringing the service package to the Clerk's Office of this Court on August 6, 2025 for service by USPS, the Clerk's Office informed our office on August 11, 2025 that USPS declined to accept the package because mail service from the United States to Iran has been suspended. *Id.*, ¶ 12. On August 12, 2025, a staff member of our firm confirmed with USPS in person at the branch location at 340 W 42nd St Fl 2, New York, NY 10036 that USPS presently does not have mail service from the United States to Iran. *Id.*, ¶ 13. Anderson Kill has similarly confirmed that DHL and FedEx (and UPS) still do not service Iran from the United States. *Id.*, ¶ 14. Accordingly, proceeding with service through "diplomatic channels" provided under

---

[1] Sometime prior to 2017, Anderson Kill was informed that FedEx ceased delivering mail to Iran. *Id.*, ¶ 10.

subsection (a)(4) is Plaintiffs' only viable option to secure the Court's personal jurisdiction over Iran. *Id.*, ¶ 16.

**Third**, time is of the essence for Plaintiffs because proceeding pursuant to service via diplomatic channels under § 1608(a)(4) is an extremely time-consuming process. Goldman Decl., ¶¶ 17–20. The VSST Fund only distributes funds during certain windows of time (i.e., "rounds"), and only to those who are deemed eligible to receive such funds as victims of state sponsored acts of terrorism. *See id.*, ¶¶ 21–23. In order to be deemed an eligible VSST Fund claimant and be awarded funds for a particular round (and future, but not past rounds), the claimant must have a final judgment (with proof that service of that judgment has been commenced) and an application submitted by a deadline set by the VSST Fund (no later than 90 days following the entering of the judgment). *Id.*, ¶ 22. For the Sixth Round, the deadline to apply was June 2, 2025. *Id.*, ¶ 23. To date, the VSST Fund has not yet released the date upon which the Seventh Round will take place or its application deadline, but the application deadline for this future round could be as early as June 2, 2026. *Id.*

As such, in light of the futility of attempting service under §§ 1608(a)(1) through (a)(3) and the threat of substantial prejudice to Plaintiffs' eligibility under the VSST Fund for a future payment round, Plaintiffs respectfully request that the Court grant this Motion and permit Plaintiffs to immediately begin the process of effecting service through diplomatic channels under § 1608(a)(4).

## II.    ARGUMENT

### A.    Service of Iran Under 28 U.S.C. § 1608(a)

Section § 1608(a) of the FSIA "prescribes a hierarchy of four alternative procedures to use when serving process on a foreign state." *Finamar Inv'rs v. Republic of Tadjikistan*, 889 F. Supp. 114, 116 (S.D.N.Y. 1995). Under § 1608(a), a plaintiff can serve a foreign state by:

3

  (1)  delivering a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state,

  (2)  delivering a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents,

  (3)  sending a copy of the summons and complaint and a notice of suit, . . . by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

  (4)  sending two copies of the summons and complaint and a notice of suit, . . . by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, . . . with the Secretary . . . transmit[t]ing one copy of the papers through diplomatic channels to the foreign state and . . . sending to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

*Chickpen, S.A. v. Bolivarian Republic of Venezuela*, No. 21 CIV. 597 (AT), 2022 WL 1684275, at *2 (S.D.N.Y. May 26, 2022) (quoting 28 U.S.C. § 1608(a)) (alterations in original omitted).

  Said differently, Section 1608(a) permits "(1) service by a 'special arrangement' between the plaintiff and the foreign state; (2) service by an applicable international convention on the service of judicial documents; (3) service by mail 'requiring a signed receipt'; and (4) diplomatic service aided by the State Department." *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03MD01570GBDSN, 2023 WL 2529061, at *3 (S.D.N.Y. Mar. 3, 2023).

  **B.**  **Service Under Subsections (a)(1) and (a)(2) Is Impossible**

  Here, service cannot be effected under 1608(a)(1) nor 1608(a)(2) because Iran does not have a special arrangement for service with Plaintiffs, nor has Iran entered into any international convention governing service of judicial documents. *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MD-01570 (GBD)(SN), 2024 WL 4268663, at *4 (S.D.N.Y. Jan. 5, 2024) (finding "service by 'special arrangement,' was impossible because [Plaintiff] has no such arrangement

4

with Iran", and "service according to an 'international convention on service of judicial documents,' was likewise unavailable because there is no service convention between the U.S. and Iran.") *report and recomm'd adopted*, No. 03 MDL 1570 (GBD) (SN), 2024 WL 1312504 (S.D.N.Y. Mar. 26, 2024); *Amirentezam v. Islamic Republic of Iran*, No. 119CV02066EGSGMH, 2023 WL 5724121, at *12 (D.D.C. Sept. 5, 2023) ("[a]s to service under section 1608(a)(2), Plaintiffs explained that the United States and Iran have no diplomatic relations, and courts have recognized that Iran is not a party to an international convention on service of judicial documents, so service under 1608(a)(2) is impossible"). Accordingly, Plaintiffs cannot effect service through subsections (a)(1) or (a)(2).

### C. Service by Mail Under Subsection (a)(3) Is Unavailable

Nor can service be achieved through service by mail requiring a signed receipt under subsection (a)(3). As set forth in the Goldman Declaration, Plaintiffs delivered a service package consistent with subsection (a)(3) to the Clerk of Court on August 6, 2025. Goldman Decl., ¶ 12. After delivery of the service package, the Clerk's Office informed Plaintiffs that USPS declined to accept the service package because the USPS has suspended international mail service from the United States to Iran. *Id.* While the USPS website has not been updated to show that international mail service from the United States to Iran has been suspended, a staff member of our firm confirmed with USPS in person at the branch location at 340 W 42nd St Fl 2, New York, NY 10036 that USPS presently does not have mail service from the United States to Iran.

Plaintiffs can also confirm that neither DHL, FedEx, nor UPS are providing service to Iran – and there is no known date for the restoration of service. Goldman Decl., ¶14; *id.*, Exhibit B (DHL), "International Shipping FAQs", https://www.dhl.com/gb-en/ecommerce/uk/international-parcel-delivery/international-shipping-faqs.html, (including Iran on list of countries "currently sanctioned" and to which parties are "unable to send" packages) (accessed Aug. 12, 2025); *id.*,

5

Exhibit C (FedEx), "What countries or regions are regions are not served by FedEx", https://www.fedex.com/en-us/service-guide/dangerous-goods/international-locations.html, ("Iran[:] Service to this country is currently suspended.") (accessed Aug. 12, 2025); *id.*, ¶ 14, (UPS), "Import/Export," https://www.ups.com/ga/CountryRegsPrint?loc=en_US&origcountry=US&destcountry=IR&cat=004002&PrintRegulations=PrintRegulations, ("No Service Available" to Iran) (accessed Aug. 12, 2025). *Cf. Hilaturas Miel, S.L. v. Republic of Iraq*, 573 F. Supp. 2d 781, 796–97 (S.D.N.Y. 2008) (finding plaintiff could not avail itself of (a)(4) where – unlike here – plaintiff failed to demonstrate that service on Iraq under (a)(3) could not be accomplished through FedEx and DHL).

Accordingly, service under Section 1608(a)(3) cannot be effected.

**D.     Service Through Diplomatic Channels Under Subsection (a)(4) Is the Only Viable Option for Plaintiffs in the Circumstances**

Federal courts in this district and beyond permit plaintiffs to proceed with service under subsection (a)(4) when, like here, the plaintiff demonstrates the preceding means of service are unavailable. *See Chickpen, S.A. v. Bolivarian Republic of Venezuela*, No. 21 CIV. 597 (AT), 2022 WL 1684275, at *2 (S.D.N.Y. May 26, 2022) (accepting effectiveness of service under (a)(4) where Venezuela "formally objected" to service by mail); *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 70 (D.D.C. 2010) (granting request to proceed with service under subsection (a)(4) where "the first two methods of service [were] inapplicable" and service under the "third method" "was refused"); *Ben-Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39, 52 (D.D.C. 2008) (finding victim's resort to service of Iran under subsection (a)(4) was effective where service under "the first three methods [was] not possible", and noting that Iran "refused delivery" by mail); *Force v. Islamic Republic of Iran*, 464 F. Supp. 3d 323, 370 (D.D.C. 2020)

6

(reasoning diplomatic service was appropriate upon notice that attempted mailings to Iran through Clerk of Court were "undelivered"); *Est. of Parhamovich v. Syrian Arab Republic*, No. 17-CV-61 (GMH), 2022 WL 18071921, at *10–11 (D.D.C. Dec. 28, 2022) (holding plaintiffs properly availed themselves of diplomatic channels to serve Iran where FedEx was "unable to deliver or serve the service documents"); *Driscoll v. Islamic Republic of Iran*, No. 20-CV-622-EGS-ZMF, 2023 WL 4892710, at *13 (D.D.C. June 27, 2023) (finding victims properly resorted to diplomatic service where Clerk of Court concluded service on Iran under subsection (a)(3) was "not possible").[2] Notably, this Court previously granted a motion undersigned counsel previously brought requesting the same relief for plaintiffs in *Kenneth Lum, et al. v. Islamic Republic of Iran*, No. 1:24-cv-07824 (GBD)(SN). *See* December 6, 2024 Order at ECF No. 10581.[3]

Indeed, courts have accepted the effectiveness of a request for diplomatic service under subsection (a)(4) within 30 days of attempted service under subsection (a)(3) where the request for diplomatic service "neither thwarted [1608(a)]'s purpose nor prejudiced Iran." *See Aykes v. Islamic Republic of Iran*, No. 18-CV-265 (RCL), 2020 WL 7260445, at *2 (D.D.C. Feb. 3, 2020) (finding victims' request for service under subsection (a)(4) only 16 days after attempting service under subsection (a)(3) did not "render [the victims'] diplomatic service void", where, *inter alia*, diplomatic service was not "actually executed" until more than 163 days after the victims'

---

[2] *Report and recommendation adopted sub nom. All Plaintiffs Represented by Driscoll v. Islamic Republic of Iran*, No. CV 20-622 (EGS/ZMF), 2023 WL 5932974 (D.D.C. July 13, 2023).

[3] In connection with the action entitled *Kenneth Lum, et al. v. Islamic Republic of Iran*, No. 1:24-cv-07824 (GBD)(SN), we were advised that USPS temporarily suspended international mail service from the United States to Iran. In response, we made a motion to dispense with attempting service by mail under § 1608(a)(3) and proceed directly to diplomatic service under § 1608(a)(4), which the Court granted on December 6, 2024. *See* Order at ECF No. 10581. Subsequent to that Order, and prior to our submission of the papers to the clerk to serve via diplomatic means, we learned that USPS mail service had resumed, and we then attempted to serve the papers by mail before we served them via diplomatic means. *See* Affidavit of Service and Affirmation in Support of Request for Clerk's Certificate of Default at ECF No. 11088 and ECF No. 11091, respectively.

subsection (a)(3) attempt); *Est. of Parhamovich*, 2022 WL 18071921, at *11, n.7 (noting a party commits "harmless" error in requesting to proceed with service under subsection (a)(4) within less than 30 days of attempting service under subsection (a)(3) when the actual execution of diplomatic service will occur more than 30 days after the attempted service under subsection (a)(3)).

The ruling in *Valore* is instructive. In that case, the court found neither subsection (a)(1) nor (a)(2) applied to Iran for the reasons discussed above in Section II.A. 700 F. Supp. 2d at 70. Likewise, the court noted that the plaintiffs had – like Plaintiffs here – submitted a service package consistent with subsection (a)(3) with the Clerk of Court, but ultimately did not effect service by mail on Iran. *Id.* As such, the court granted the plaintiffs' request to proceed under subsection (a)(4), and ultimately found such service to be in accordance with 1608(a)(4). *Id.*; *see also Aykes*, 2020 WL 7260445, at *2 (finding victims properly availed themselves of (a)(4) without waiting 30 days after attempting service under (a)(3)).

The Court should apply the same principles here. Indeed, Plaintiffs here have an even stronger claim than in *Valore*, given that that the Clerk of Court itself informed Plaintiffs that USPS had declined to dispatch its service package under (a)(3), and DHL, FedEx and UPS all have refused to serve Iran, meaning **Plaintiffs already know service by mail has been ineffective**, unlike in *Valore* (and *Ben-Rafael*), where the clerk was able to complete a mailing to Iran and plaintiffs had to wait to determine whether such service would be refused. Even more, time is of the essence in the instant matter, as any delay in effecting service could prevent Plaintiffs from meeting future application deadlines for compensation from the VSST Fund.[4]

---

[4] Plaintiffs are not seeking a blanket ruling that service by mail on Iran is *per se* futile. Rather, Plaintiffs seek only a ruling that, for the purposes of the instant motion and action (*Grace Salinardi et al v. Islamic Republic of Iran*, No. 1:25-cv-05971 (GBD)(SN)), serving Iran by mail in accordance with subsection (a)(3) is not possible, given that neither USPS, DHL, FedEx, or UPS are servicing Iran at this time.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion and authorize Plaintiffs to request service on Iran through diplomatic channels as provided under 28 U.S.C. § 1608(a)(4).

Dated:   New York, New York
        August 14, 2025

Respectfully submitted,

/s/ Jerry S. Goldman, Esq.
ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
Amy Weiss, Esq.
7 Times Square, 15th Floor
New York, NY 10036
Tel: (212) 279-1000
Fax: (212) 278-1733
Email: jgoldman@andersonkill.com
      bstrong@andersonkill.com
      agreene@andersonkill.com
      aweiss@andersonkill.com

*Attorneys for Plaintiffs*