UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |
|---|---|

This document relates to:
*Grace Salinardi et al v. Islamic Republic of Iran*, No. 1:25-cv-05971 (GBD)(SN)

### DECLARATION OF JERRY S. GOLDMAN, ESQ. IN SUPPORT OF MOTION FOR ORDER AUTHORIZING SERVICE UPON DEFENDANT ISLAMIC REPUBLIC OF IRAN IN ACCORDANCE WITH 28 U.S.C. § 1608(a)(4)

JERRY S. GOLDMAN, Esq., hereby declares under penalty of perjury, as provided for by 28 U.S.C. § 1746, as follows:

1. I am an attorney with Anderson Kill P.C., representing the Plaintiffs in the above-captioned action, and I submit this declaration in support of the Motion For Order Authorizing Service Upon Defendant Islamic Republic Of Iran In Accordance With 28 U.S.C. § 1608(a)(4).

2. This motion seeks an Order:

- determining that, for the purposes of this action, service of upon Defendant Islamic Republic of Iran ("Iran") in accordance with 28 U.S.C. §§ 1608(a)(1) through (a)(3) is unavailable because there is no "special arrangement for service between" Plaintiffs and Iran; there is no "applicable international convention on service of judicial documents" between the United States and Iran; and the Clerk of Court for the Southern District of New York is unable to serve process to the head of the Ministry of Foreign Affairs of Iran because mail service from the United States to Iran has been suspended;

- authorizing service of process upon Iran through diplomatic channels in accordance with 28 U.S.C. § 1608(a)(4); and,

docs-100812098.2

- granting to the Plaintiffs such other and further relief as this Honorable Court deems just and proper.

**I.    Background**

3.  Iran is a defendant in numerous actions in this multi-district litigation, 03-MDL 1570 (GBD)(SN).

4.  To date, my firm has filed thirty-two (32) actions against Iran that have been consolidated into this MDL.

5.  Counsel representing other plaintiffs in this MDL have also filed cases against Iran.

6.  This Court's Clerk's Office has promulgated foreign mailing instructions ("Foreign Mailing Instructions") that includes instructions for serving Iran by mail in accordance with § 1608(a)(3).[1] The Foreign Mailing Instructions are attached hereto as **Exhibit A**.

7.  The Foreign Mailing Instructions only authorize mail service against Iran by DHL, FedEx, or the United States Postal Service ("USPS"). *See* Exhibit A at 10-11.

8.  Anderson Kill has attempted service by mail (either via DHL or USPS) against Iran in accordance with § 1608(a)(3) through the methods provided in the Foreign Mailing Instructions in each of its 31 previous cases against Iran.

9.  Specifically, prior to January 2019, Anderson Kill had used DHL to serve Iran by mail in accordance with the Foreign Mailing Instructions.

---

[1] https://www.nysd.uscourts.gov/sites/default/files/2024-12/Foreign_MailingInstructions_Dec.%202024.pdf, rev. December, 2024 (last accessed Aug. 11, 2025). Notably, the latest version of the U.S. Department of State's "FSIA Checklist" directs clerks to reference this District's Foreign Mailing Instructions as part of effecting service under § 1608(a). *See* FSIA Checklist, U.S. State Department, ¶ 13, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/FSIA-Checklist.html, rev. July 18, 2024 (last accessed Aug. 11, 2025).

10. Sometime prior to 2017, Anderson Kill was informed that FedEx ceased delivering mail to Iran, and prior to 2019, Anderson Kill was informed that DHL and FedEx had ceased delivering mail to Iran. At that time, Anderson Kill switched to attempting service by mail against Iran using USPS.

11. Each time Anderson Kill has attempted to serve Iran by mail in each of its 31 previous cases against Iran, either by DHL or USPS, Iran has either refused service, or mailing has otherwise been unsuccessful within 30 days of mailing.[2]

**II.    Service By Mail in the Instant Action is Impossible**

12. In the instant case, after preparing a service package in accordance with § 1608(a)(3) and after two attorneys from Anderson Kill, Alexander Greene and Amy Weiss delivered the service package to the Clerk's Office of this Court on August 6, 2025 for service by USPS, I was informed, on August 11, 2025, by Ms. Rachel Slusher, Executive Assistant to the Clerk of Court, that USPS declined to accept the package because mail service to Iran has been suspended.

13. While the USPS website has not been updated to show that international mail service to Iran has been suspended, a staff member of our firm, on August 12, 2025, confirmed with USPS in person at the branch location at 340 W 42nd St Fl 2, New York, NY 10036 that USPS presently does not have mail service from the United States to Iran.

---

[2] On one prior occasion, in connection with the action entitled *Kenneth Lum, et al. v. Islamic Republic of Iran*, No. 1:24-cv-07824 (GBD)(SN), we were advised that USPS temporarily suspended international mail service from the United States to Iran. In response, we made a motion to dispense with attempting service by mail under § 1608(a)(3) and proceed directly to diplomatic service under § 1608(a)(4), which the Court granted on December 6, 2024. *See* Order at ECF No. 10581. Subsequent to that Order, and prior to our submission of the papers to the clerk to serve via diplomatic means, we learned that USPS mail service had resumed, and we then attempted to serve the papers by mail before we served them via diplomatic means. *See* Affidavit of Service and Affirmation in Support of Request for Clerk's Certificate of Default at ECF No. 11088 and ECF No. 11091, respectively.

3

14. My firm has similarly confirmed that DHL, FedEx, and UPS still do not service Iran from the United States, at this time. True and correct excerpts from the DHL, FedEx, and UPS websites are attached hereto as **Exhibits B**, **C**, and **D** respectively.

15. In accordance with § 1608(a)(4), the Foreign Mailing Instructions for this District provide that "when service of process upon a foreign state cannot otherwise be effected under FSIA, the Clerk of Court may dispatch a request to the Secretary of State, attn: Director of Special Consular Services, for service upon a foreign state defendant." Exhibit A at 3–4.

16. Here, because service on Iran by mail is not available in any form, my firm has filed the instant motion seeking an Order providing, *inter alia*, authorization to immediately serve process upon Iran via diplomatic channels in accordance with § 1608(a)(4).

III. **Plaintiffs Cannot Afford to Delay the Process of Effecting Service Under § 1608(a)(4)**

17. Unlike service on many other foreign entities, diplomatic service on Iran is an extremely time-consuming process, as the U.S. does not have diplomatic relations with Iran. *See, e.g., Aykes v. Islamic Republic of Iran*, No. 18-CV-265 (RCL), 2020 WL 7260445, at *2 (D.D.C. Feb. 3, 2020) (noting actual execution of service upon Iran via diplomatic channels took **nearly 150 days** from the date plaintiffs delivered the requisite service package with the clerk of court for transmission to the U.S. Department of State).

18. Effectuating diplomatic service under § 1608(a)(4) requires having two copies of the summons, complaint, and notice of suit prepared and translated into Farsi, having those copies brought to the Clerk's office with a check in the amount of $2,275, where the Clerk, after reviewing the papers, transmits them to the U.S. Department of State ("State Department") in Washington, D.C. The State Department, after reviewing the papers, forwards them to the U.S. Embassy in Bern, Switzerland, which, in turn, delivers them to the Swiss Foreign Ministry, which represents

4

the U.S.'s interests in this matter given that there are no diplomatic relations between the U.S. and Iran. After reviewing the papers, the Swiss Foreign Ministry transmits the papers to its embassy in Tehran. A representative of the Swiss government in Iran arranges to meet with a representative of the Iranian Foreign Ministry, on behalf of the Government of Iran and attempts to deliver the service documents. That act represents the effectuation of service. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MD-01570 (GBD)(SN), 2024 WL 4268663, at *4 (S.D.N.Y. Jan. 5, 2024), *report and recomm'd adopted*, No. 03 MDL 1570 (GBD) (SN), 2024 WL 1312504 (S.D.N.Y. Mar. 26, 2024).

19. Thereafter, the Swiss embassy advises the Swiss Foreign Ministry in Bern and a diplomatic note is then forwarded to the U.S. Embassy in Bern, which in turn sends it back to the State Department in Washington. After reviewing the note and accompanying documents, the State Department advises the Clerk of the District Court in this Court, as well as counsel, who then prepares and files an affidavit of service.

20. After the expiration of the requisite 60 days from the date of service, if there is no responsive pleading filed by Iran, the Court Clerk, upon the application of plaintiffs, can enter a clerk's certificate of default. Upon that entry, plaintiffs can then request that this Court enter a finding of liability against defendant Iran and enter a partial final judgment of damages. *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MD-01570 (GBD)(SN), 2024 WL 4268663, at *4 (S.D.N.Y. Jan. 5, 2024), *report and recomm'd adopted*, No. 03 MDL 1570 (GBD) (SN), 2024 WL 1312504 (S.D.N.Y. Mar. 26, 2024)

21. From time to time, the U.S. Victims of State Sponsored Terrorism ("VSST") Fund distributes funds to those who have a terrorism judgment against a state sponsor of terror, like Iran.

22. In order to be eligible to receive such funds, for a particular round (and future, but not past rounds), the claimant must have a final judgment (with proof that service of that judgment has been commenced), and an application submitted by a deadline set by the VSST Fund (no later than 90 days from the entry of judgment).

23. For the Sixth Round, the deadline was June 2, 2025. To date, the VSST Fund has not yet released the date upon which the Seventh Round will take place or its application deadline, but the application deadline for this future round could be as early as June 2, 2026.

### IV. Conclusion

24. Based on the foregoing, I respectfully request that this Court grant the relief requested in the Notice of Motion.

Dated:  New York, New York
        August 14, 2025

/s/ Jerry S. Goldman
Jerry S. Goldman, Esq.